FILED
January 07, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESUS SAMANO AGUILAR, | § | |
| Petitioner, | § | |
| v. | § | CIVIL NO. SA-25-CV-1701-OLG |
| BOBBY THOMPSON *et al.*, | § | |
| Respondents. | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jesus Samano Aguilar's Petition for Writ of Habeas Corpus (Dkt. No. 1), filed pursuant to 28 U.S.C. § 2241, to which Respondents have responded (Dkt. No. 9), and Petitioner has replied (Dkt. No. 12).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner is a citizen of Mexico who entered the United States without inspection in 2002. *See* Dkt. Nos. 1 at 2; 9 at 2. This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all applicants for admission are "seeking" admission by virtue of their being present in the United States without having been admitted or paroled and are, therefore, subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond redetermination before an immigration judge. *See* Dkt. Nos. 1 at 7; 9 at 3, 5–6.

Having already resolved this question against Respondents' position in other habeas cases,[1] the Court required Respondents to consider its prior orders and identify in their response any

---

[1] *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025); *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Order Granting

material differences between the facts of this case and the facts presented in those cases. Dkt. No. 5 at 2. On December 17, 2025, Respondents advised that "[n]o material differences exist between these cases and the one presented before the Court." Dkt. No. 9 at 2.[2]

Accordingly, given the absence of any material differences between this case and *Mendoza Euceda* and *Rahimi*, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.

Petitioner Jesus Samano Aguilar's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this \_\_\_7\_\_\_ day of January, 2026.

ORLANDO L. GARCIA
United States District Judge

---

in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025); *see also Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025).

[2] Indeed, the Court notes that Respondents here cite the same jurisdiction-stripping provisions of the INA—i.e., 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(4)—which the Court has already addressed and found to be inapplicable in cases like this one. *See* Dkt. No. 9 at 6–7; *Perez-Puerta*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus; *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus; *Mendoza Euceda*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus.